## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **RONNIE MCGOWAN,** | ) | |
| | ) | |
| **On behalf of himself** | ) | |
| **and all other persons similarly situated,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 17-cv-2419** |
| | ) | |
| **GENESIS HEALTH CLUBS** | ) | |
| **MANAGEMENT, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### COMPLAINT
### *Collective and Class Action Claims*

**COMES NOW,** the Plaintiff, Ronnie McGowan, on behalf of himself, and all others similarly situated, by and through counsel, and hereby set forth his representative action for violation of the Fair Labor Standards Act under §216(b), and for violation of the Kansas Wage Payment Act ("KWPA") under FED. R. CIV. P. 23 as follows:

### PRELIMINARY STATEMENT

1.      Plaintiffs, on behalf of themselves and all others similarly situated, bring this action against Defendant, Genesis Health Clubs Management, Inc., for unpaid overtime compensation and related penalties and damages.  It is Defendant's practice and policy to willfully fail and refuse to properly pay all overtime compensation due and owing to Plaintiff, and all other similarly situated employees, and doing so is in direct violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

2.      Defendant's pay practices and policies are in direct violation of the FLSA, and the KWPA, and therefore Plaintiff, on behalf of himself and all others similarly situated, seek declaratory relief; unpaid overtime premiums for all overtime work required, suffered, or permitted by Defendant; compensation for wages wrongfully withheld or deducted; liquidated and/or other damages as permitted by applicable law; and attorneys' fees, costs, and expenses incurred in this action.

### PARTIES

3.      Plaintiff Ronnie McGowan currently resides at 3527 Morning Dove Circle, Lawrence, Kansas 66069.

4.      Plaintiff was employed as a Fitness Advisor for the Defendant, paid on a salary plus commission basis, from approximately February 2017 until April 2017.

5.      Plaintiff worked for Defendant at 6700 W. 110th St., Overland Park, Kansas 62111.

6.      Plaintiff McGowan's consent form to join this action is attached as Exhibit A.  As the case proceeds, it is likely that other individuals will sign consent forms and join this action as opt-in plaintiffs.

7.      The Putative Plaintiffs/Class Members are those employees, and former employees, of  Defendant employed in the capacity of Fitness Advisors in Kansas, and throughout the nation, and who suffered or were permitted to work by Defendant while not being paid straight time and overtime compensation for all hours worked.

8.      Defendant is a health club who does business, among other places, at 6700 W. 110th St., Overland Park, Kansas 66211.

9.      Upon information and belief, Defendant operates, or within the last three years

has operated approximately forty health clubs in Kansas, Missouri, Nebraska, and Oklahoma.

10.    At all relevant times, Defendant was the employer of Plaintiff, and all other similarly situated employees, and is thus liable to Plaintiff, and all others similarly situated, as an employer under the FLSA, the KWPA and/or otherwise according to statutory and common law.

## JURISDICTION AND VENUE

11.    This Court has original federal question jurisdiction under 28 U.S.C. § 1311 for the claims brought under the FLSA, 29 U.S.C. § 201, *et seq.*

12.    The United States District Court for the District of Kansas has personal jurisdiction because Defendant conducts business in Johnson County, Kansas, which is located within this District.

13.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as the Defendant has offices, conducts business, has substantial business contacts and can be found in the District of Kansas, and the causes of action set forth herein have arisen, in part, and occurred, in part, in the District of Kansas.

14.    The claims for violations of the KWPA are based upon the statutory law of the State of Kansas.

15.    Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for the pendant state law claims because they arise out of the same nucleus of operative facts as the FLSA claim.

16.    All of the alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness and convenience for the parties.

17.    The liability evidence establishing both causes of action will be similar and neither issue will predominate nor create confusion to a jury.

## GENERAL COLLECTIVE/CLASS ACTION ALLEGATIONS

18.    This Complaint may be brought and maintained as an "opt-in" collective action pursuant to Section 16 of the FLSA, 29 U.S.C. § 216(b), in that the claims of the Plaintiff are similar to the claims of the Putative Plaintiffs/Class Members.

19.    Putative Plaintiffs/Class Members are those current and former Fitness Advisors of Defendant who had, or have, substantially similar, job duties and who were suffered or permitted to work by Defendant, in Kansas or at Defendant's various locations throughout the nation, while not being paid overtime compensation for all hours worked.

20.    At all relevant times, Defendant has had a policy and practice of failing and refusing to compensate its Fitness Advisors overtime compensation for all hours worked in excess of forty hours per week.

21.    The Plaintiff and all Putative Plaintiffs/Class Members were subject to Defendant's policies and practices of failing and refusing to compensate Fitness Advisors overtime compensation for all hours worked in excess of forty hours per week.

22.    At all relevant times, Defendant has had a policy and practice of requiring its Fitness Advisors to work approximately 50 hours per week.

23.    Common questions of law and fact predominate in this action because the claims of Plaintiff, and all others similarly situated, are based on Defendant's policy and practice of paying its Fitness Advisors on a salary plus commission basis without regard to the number of hours they work per week, thereby failing and refusing to compensate its Fitness Advisors their overtime rate for all hours worked over forty violates the FLSA and Kansas state wage and hour laws.

24.    Putative class and collective action members are similarly situated in terms of their

4

conditions of work and Defendant's failure to compensate their overtime rate for all hours worked over forty.

25.  Upon information and belief, Defendant maintains twenty-one health clubs in the state of Kansas and employs approximately five Fitness Advisors at each store at any period of time.

26.  Upon information and belief, there are approximately 100 or more putative class members.

27.  The Class size is believed to be sufficiently numerous to warrant treatment as a class action.

28.  The Plaintiff will adequately represent the interests of the Putative Plaintiffs/Class Members because he is similarly situated to the Putative Plaintiffs/Class Members and their claims are typical of, the claims of the other Putative Plaintiffs/Class Members.

29.  There are no known conflicts of interest between the Plaintiff and the other Putative Plaintiffs/Class Members.

30.  Class Counsel is qualified and able to litigate the Putative Plaintiffs'/Class Members' claims.

31.  Class Counsel concentrate their practice in employment litigation and their attorneys are experienced in collective/class action litigation, including collective/class actions arising under federal and state wage and hour laws.

32.  The collective/class action mechanism is superior to any alternatives that might exist for the fair and efficient adjudication of this cause of action.

33.  Proceeding as a collective/class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and

without unnecessary duplication of evidence, effort, and judicial resources.

34.    A collective/class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate.

35.    Collective/class action treatment is the only realistic means by which Plaintiff can effectively litigate against a large, well-represented corporate entity such as Defendant.

36.    Numerous repetitive individual actions would also place an enormous burden on the courts as they would be forced to take duplicative evidence and decide the same issues relating to Defendant's conduct repeatedly.

37.    Individual joinder of all Putative Plaintiffs/Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.

38.    Each Putative Plaintiffs/Class Member has been damaged and is entitled to recovery by reason of Defendant's illegal policies and/or practices of permitting, suffering and/or failing to compensate employees their regular or statutorily required rate of pay for all hours worked.

39.    Collective/class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

40.    Plaintiff, on behalf of himself and all others similarly situated, sets forth additional collective/class action allegations in the various counts set forth herein.

<u>**FIRST CAUSE OF ACTION/COUNT I**</u>
***Fair Labor Standards Act***

41.    The Plaintiff hereby incorporate all of the above paragraphs in this Complaint as if fully set forth in this Count.

6

42.     Plaintiff Ronnie McGowan was employed by the Defendant from approximately February 2017 to April 2017.   During this time frame, Plaintiff performed work for Defendant in the position of a Fitness Advisor.

43.     Prior to, during, and after the Plaintiffs' employment with the Defendant, the Defendant employed, in Kansas and throughout the nation, numerous other individuals who had the same job duties and compensation structure as Plaintiff (the Putative Plaintiffs/Putative Representative Action Plaintiffs).

44.     Plaintiffs bring this Complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by the Defendant as Fitness Advisors within three years from the commencement of this action who have not been paid overtime compensation, at one-and-one-half times the regular rate of pay, for all work performed in excess of forty hours per week.

45.     This Complaint may be brought and maintained as an "opt-in" collective action pursuant to Section 16 of the FLSA, 29 U.S.C. § 216(b), for all claims asserted by the Plaintiff because the claims of Plaintiff are similar to the claims of the Putative Plaintiffs of the representative action.

46.     Plaintiff and the Putative Plaintiffs/Class Members are similarly situated, have substantially similar job requirements and pay provisions, and are subject to Defendant's common practice, policy, or plan of refusing to pay overtime in violation of the FLSA.

47.     The names and addresses of the putative members of the representative action are available from Defendant.   To the extent required by law, notice will be provided to such individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

48.    At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

49.    At all relevant times, Defendant has employed, and/or continues to employ, "employee[s]," including each of the Putative Plaintiffs/Class Members.

50.    At all times relevant herein, Defendant has had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

51.    The FLSA requires each covered employer, such as the Defendant, to compensate all non-exempt employees overtime compensation at a rate of not less than one-and-one-half the regular rate of pay, for work performed in excess of forty hours in a work week.

52.    Regarding their employment with Defendant, Plaintiff and the Putative Plaintiffs/Class Members were not exempt from the right to receive overtime pay under the FLSA and are not exempt from the requirement that Defendant pay them overtime compensation under the FLSA.

53.    Regarding their employment with Defendant, Plaintiff, and the Putative Plaintiffs/Class Members, were entitled to be paid overtime compensation for all hours worked in excess of 40 hours during such work weeks.

54.    At all relevant times, Defendant has had a policy and practice of failing and refusing to pay to its Fitness Advisors overtime pay at a rate of not less than one-and-one-half the regular rate of pay for work performed in excess of forty hours in a work week.

55.    The Defendant's failure to compensate Plaintiff, and all others similarly situated, overtime compensation, at a rate of not less than one-and-one-half times the regular rate of pay, for work performed in excess of forty hours in a work week constitutes a violation of the FLSA,

29 U.S.C. §§ 201, *et seq.,* including 29 U.S.C. §§ 206 and 207(a)(1).

56.    Upon information and belief, Defendant's violations of the FLSA are continual in nature; Defendant continues to pay its Fitness Advisors under the same unlawful policies and procedures that are set forth in detail herein.

57.    The foregoing conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

58.    The Plaintiff, on behalf of himself and all others similarly situated, seeks damages in the amount of all respective unpaid overtime compensation at a rate of one-and-one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, recovery of all attorneys' fees, costs, and expenses incurred in this action, to be paid as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

**WHEREFORE**, Plaintiff, on behalf of himself and all proposed putative members of the FLSA representative action, prays for relief as follows:

a.    Designation of this action as a collective action on behalf of the proposed putative members of the FLSA representative action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To Join pursuant to U.S.C. § 216(b); and

b.    Designation of Plaintiff, Ronnie McGowan, as Representative Plaintiff of the proposed putative members of the FLSA representative action; and

c.    Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees; and

d.    An award of damages for overtime compensation due for the Plaintiff and the putative members of the Class, including liquidated damages, to be paid by Defendant; and/or

e.    Pre-Judgment and Post-Judgment interest, as provided by law; and

f.    Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## SECOND CAUSE OF ACTION/ COUNT II
### *Kansas Wage Payment Act (KWPA)*

59.    As far as the factual allegations set forth above are applicable to the claims made in Count III, the Plaintiff hereby incorporate all of the above paragraphs in this Complaint as if fully set forth in this Count.

60.    The Plaintiff, on behalf of themselves and all others similarly situated, bring a claim for Defendant's violation of the Kansas Wage Payment Act (KWPA), K.S.A. §44-313 *et seq.*

61.    At all relevant times, Defendant has been an "employer" within the meaning of the KWPA, K.S.A. §44-313(a).

62.    At all relevant times, Defendant has employed, and/or continues to employ, "employee[s]," within the meaning of the KWPA §44-313(b) including Plaintiff and all others similarly situated.

63.    At all relevant times, Defendant had a policy and practice of failing and refusing to pay its Fitness Advisors all of their "wages due" by refusing to pay them overtime wages as required by the FLSA.

64.    Defendant has violated, and continues to violate, the KWPA.

65.    Class certification for claims under the KWPA is appropriate pursuant to Fed. R. Civ. P. 23(a) in that:

a.    There are questions of law and fact arising in this action which are common to Plaintiffs and putative members of the Class, including: (i) Whether Defendant's pay plan and pay policies for the employees who work as Fitness Advisors violate their compensation rights afforded under the KWPA, K.S.A. §44-313 *et  seq*.; (ii) Whether Defendant's conduct violated the KWPA; (iii) Whether  Plaintiff and other members of the class have suffered damages as a result of Defendant's violation of the KWPA; and (iv) the class-wide measure of damages; and

b.    For all other relevant reasons set forth in this Complaint.

66.    This class action is brought by the Plaintiff, on behalf of themselves and all others similarly situated, for Defendant's failure to pay "wages due" under the KWPA, and is being brought pursuant to FED. R. CIV. P. 23 (b)(2) and (b)(3) .

67.    Class certification of the respective Class is appropriate under FED. R. CIV. P. 23(b)(3) because a class action is the superior procedural vehicle for the fair and efficient adjudication of the claims asserted herein given that:

a.    There is minimal interest of members of this class in individually controlling  their prosecution of clams under the KWPA in that all claims will be similar in nature under the Court's analysis of the Defendant's pay plan and its compliance with these laws;

b.      There is no known prior litigation being prosecuted against the Defendant by this class of employees for violations of the KWPA;

c.      It is desirable to concentrate all the litigation of these claims in this form within this Court since all class members work in Kansas and all class members will have the same legal claims for violations of the KWPA;

d.      There are no unusual difficulties likely to be encountered in the management of this case as a class action and Plaintiff and their counsel are not aware of any reason why this case should not proceed as a class action on the claim that Defendant violated the KWPA; and

e.      Class members can be easily identified from Defendant's business records, enabling class members to have their claims fairly adjudicated by the court or enabling them to opt-out of this class.

68.    Class certification is appropriate under FED. R. CIV. P. 23(b)(2) because Defendant has  acted and refused to act on grounds generally applicable to the respective class members covered by the KWPA, thereby making class relief appropriate.

69.    In the absences of a class action, the Defendant would be unjustly enriched because it would be able to retain the benefits and fruits of the wrongful violation of the KWPA.

70.    The Plaintiff has met the requirements of FED. R. CIV. P. 23(a), 23(b)(2) and 23(b)(3).

**WHEREFORE**, Plaintiff, on behalf of himself and all proposed Class Members, prays for relief as follows:

a.      Declaring and certifying this action as a proper class action under FED. R. CIV. P. 23 for the claim that Defendant violated the KWPA and naming Plaintiff Ronnie McGowan, as the proper class representative;

b.      Declaring and determining that Defendant violated the KWPA by failing to properly pay "wages due" due the Plaintiff and other members of the Class;

c.      Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

d.      An award of damages for compensation due for the Plaintiff and the putative members of the Class;

e.      Pre-Judgment and Post-Judgment interest, as provided by law; and

f.      Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

### Demand for Jury Trial

Plaintiff hereby demands a jury trial on all claims and issues triable by jury.

### Designated Place of Trial

Plaintiff, by and through their counsel of record, and hereby designate the place of trial as follows: Kansas City, Kansas.

Respectfully submitted,

**BRADY & ASSOCIATES**

*s/Sara T. Ballew*
Sara T. Ballew, KS #25787
Mark A. Kistler, KS #17171
10985 Cody Street, Suite 135
Overland Park, KS  66210
(913) 696-0925
(913) 696-0468 *(Facsimile)*
sballew@mbradylaw.com
mkistler@mbradylaw.com
**ATTORNEYS FOR PLAINTIFF**