## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**RONNIE MCGOWAN, on behalf of himself and all other persons similarly situated,**

        **Plaintiffs,**

**v.**

        **Case No. 17-2419-DDC-KGS**

**GENESIS HEALTH CLUBS MANAGEMENT, INC.,**

        **Defendant.**

_____

## MEMORANDUM AND ORDER

Plaintiff Ronnie McGowan worked as a Fitness Advisor for defendant Genesis Health Clubs Management, Inc. He brings this action against defendant, on behalf of himself and all others similarly situated, asserting that defendant violated the Fair Labor Standards Act ("FLSA") and the Kansas Wage Payment Act ("KWPA") by failing to pay its employees overtime compensation.

Defendant has filed a Motion to Dismiss. Doc. 10. The motion asks the court to dismiss Count II of plaintiff's Complaint—the KWPA claim—under Federal Rule of Civil Procedure 12(b)(6). Defendant asserts that plaintiff's KWPA claim fails to state a plausible claim for relief because Kansas law precludes plaintiff from asserting state law overtime wage claims against an employer covered by the FLSA. Plaintiff has filed an Opposition to defendant's Motion to Dismiss. Doc. 14. And defendant has filed a Reply. Doc. 15.

After considering the parties' arguments, the court grants defendant's Motion to Dismiss. The court explains why below.

### I.      Factual Background

The following facts are taken from plaintiff's Complaint.  The court accepts the facts asserted in the Complaint as true and views them in the light most favorable to plaintiff.  *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013) (citing *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)).

Defendant is a health and fitness club who operates about 40 locations in Kansas, Missouri, Nebraska, and Oklahoma.  From February 2017 until April 2017, defendant employed plaintiff as a Fitness Advisor at one of its health clubs in Overland Park, Kansas.  Defendant paid plaintiff on a salary plus commission basis.

During plaintiff's employment, defendant had a policy and practice of failing and refusing to pay overtime compensation to its Fitness Advisors for all hours worked exceeding 40 hours per week.  Defendant subjected plaintiff and other employees to this policy and practice during their employment.  According to plaintiff, defendant requires its Fitness Advisors to work about 50 hours per week.  Thus, plaintiff asserts, defendant failed to pay him and other similarly situated employees overtime compensation for all hours worked.

Plaintiff asserts that defendant's pay practices violate the FLSA, 29 U.S.C. § 216(b), and the KWPA, Kan. Stat. Ann. § 44-313, *et seq.*  He seeks to bring his FLSA claim as a collective action under 29 U.S.C. § 216(b) and his KWPA claim as a class action under Federal Rule of Civil Procedure 23.  Plaintiff asks to represent a putative class that includes current and former employees of defendant who worked as Fitness Advisors in Kansas, and throughout the nation, and who never received overtime compensation for all hours worked.

## II.    Legal Standard

Fed. R. Civ. P. 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although this Rule "does not require 'detailed factual allegations,'" it demands more than "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" which, as the Supreme Court explained, "will not do."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

For a complaint to survive a motion to dismiss under Rule 12(b)(6), the pleading "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 679 (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (quoting *Twombly*, 550 U.S. at 556); *see also Christy Sports, LLC v. Deer Valley Resort Co., Ltd.*, 555 F.3d 1188, 1192 (10th Cir. 2009) ("The question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." (citation omitted)).

When considering whether a plaintiff has stated a plausible claim, the court must assume that the factual allegations in the complaint are true.  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  But, the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice'" to state a claim for relief.  *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S.

3

at 678).  Also, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted).

### III.    Analysis

Defendant argues that plaintiff's KWPA claim fails to state a plausible claim for relief because Kansas law prohibits a plaintiff from asserting overtime wage claims based on state law against an employer covered by the FLSA.  Thus, defendant contends, plaintiff cannot assert both a FLSA claim and a KWPA claim based on the same set of facts that defendant failed to pay plaintiff overtime compensation.

The KWPA requires employers to pay "all wages due" to their employees.  Kan. Stat. Ann. § 44-314.  The statute also directs employers "when and how those wages are paid out." *Garcia v. Tyson Foods, Inc.*, 766 F. Supp. 2d 1167, 1187 (D. Kan. 2011) (citing Kan. Stat. Ann. § 44-314).  So, as Judge Lungstrum explained in *Garcia*, the KWPA "does not provide plaintiffs with any substantive rights, but simply provides a mechanism for plaintiffs to recover wages due." *Id.*; *see also Larson v. FGX Int'l, Inc.*, No. 14-2277-JTM, 2015 WL 1034334, at *2 (D. Kan. Mar. 10, 2015) ("The KWPA thus provides a very general state-law mechanism for enforcing the payment of wages earned by employees.").

The Kansas Supreme Court recently described the KWPA in this fashion:

The KWPA is an expansive and comprehensive legislative scheme that is broad in its scope and the rights created for Kansas workers to secure unpaid wages earned from their labors.  It was enacted in 1973 and primarily sought to address problems being encountered by employees of small businesses.  The KWPA's primary concern was to protect low income workers who were shorted, docked, or cheated out of pay for services performed.  A goal of the legislation was to protect Kansas employees who were not then covered by the Fair Labor Standards Act (FLSA), minimum wage requirements, or the National Labor Relations Board.

The KWPA controls several aspects of wages and benefits for the Kansas worker that are not covered by the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 (2012) *et seq.*  The KWPA governs when wages must be paid, the manner in

which they must be paid, and the circumstances in which wages can be withheld. The KWPA also requires employers to provide certain notice requirements with respect to the payment of wages and the provision of benefits. It provides for remedies and penalties for violation of its requirements. *Notably, the KWPA does not contain any express provision relating to the payment of overtime, which is typically pursued under a FLSA claim.*

*Craig v. FedEx Ground Package Sys., Inc.*, 335 P.3d 66, 73 (Kan. 2014) (emphasis added) (citations and internal quotation marks omitted).[1] Our court has construed this passage from *Craig* as the Kansas Supreme Court's acknowledgement that "the KWPA is not the usual mechanism for overtime—and presumably minimum wage—claims under Kansas law." *Larson*, 2015 WL 1034334, at *2.

Instead, another Kansas statute addresses overtime wages specifically—the Kansas Minimum Wage Maximum Hour Law ("KMWMHL"). *See* Kan. Stat. Ann. § 44-1204(a) (requiring employers to pay their employees overtime wages for hours worked exceeding 46 hours per week); *see also Gipson v. Sw. Bell Tel. Co.*, No. 08-2017-KHV-DJW, 2008 WL 4307617, at *1 (D. Kan. July 18, 2008) ("Unlike the KWPA, the Kansas Minimum Wage and Maximum Hours Law covers overtime pay."); *Dollison v. Osborne Cty.*, 737 P.2d 43, 48 (Kan. 1987) (explaining that the KMWMHL "is the state counterpart to the federal Fair Labor Standards Act" and applies to claims for unpaid overtime).

But the KMWMHL explicitly excludes from its definition of employer any employer who is subject to the provisions of the FLSA. *See* Kan. Stat. Ann. § 44-1202(d) (expressly excluding from the definition of "employer" any "employer who is subject to the provisions of the fair labor standards act of 1938 and any other acts amendatory thereof or supplemental

---

[1]      Plaintiff urges the court to disregard the Kansas Supreme Court's description of the KWPA as dicta. Doc. 14 at 7. But, when determining how the Kansas Supreme Court would rule if faced with an issue, a federal court "do[es] not limit [itself] to the technical holdings of the [state] cases. Instead, '[b]oth the holdings and considered dicta of the State Courts should be applied.'" *Colo. Visionary Acad. v. Medtronic, Inc.*, 397 F.3d 867, 871 (10th Cir. 2005) (citing *Hardy Salt Co. v. S. Pac. Transp. Co.*, 501 F.2d 1156, 1163 (10th Cir. 1974) (citing *Hawks v. Hamill*, 288 U.S. 52, 59 (1933))).

thereto"); *see also Brown v. Ford Storage & Moving Co., Inc.*, 224 P.3d 593, 596 (Kan. Ct. App. 2010) (citing Kan. Stat. Ann. § 44–1204(c)(1)).

Here, plaintiff's Complaint specifically alleges that defendant is an employer covered by the FLSA. Doc. 1 ¶ 10. Thus, defendant argues, plaintiff cannot assert a claim for unpaid overtime wages under the KWPA because the KMWMHL expressly prohibits such a claim when defendant is covered by the FLSA. The parties do not cite, and the court had not found in its own research, any Kansas Supreme Court case directly addressing this issue.[2] But the majority of our court's cases have reached the conclusion that the defendant urges the court to reach here—that plaintiff's KWPA claim for overtime wages fails to state a claim against an employer covered by the FLSA.[3] *See, e.g., Stockton v. Alltite, Inc.*, No. 15-1278-JTM, 2016 WL 3973778, at *2 (D. Kan. July 25, 2016) (dismissing plaintiff's KWPA claim based on unpaid overtime wages because the "state act does not apply to FLSA-covered employers"); *Larson*, 2015 WL 1034334, at *3 (Marten, J.) (holding that where plaintiff alleged that defendant was a FLSA

---

[2]     Plaintiff's Complaint never alleges that it pleads a KWPA claim in the alternative to the FLSA claim. Instead, plaintiff's Complaint maintains that defendant is an employer covered by the FLSA, and it bases both the FLSA and KWPA claims on defendant's alleged failure to pay overtime compensation. Although Rule 8(d) allows a plaintiff to plead alternative or inconsistent claims, plaintiff neither alleges that he is asserting such claims nor asks the court for leave to assert such claims. *Cf. Gregor v. Almighty Tow Serv., LLC*, No. 10-2207-JWL, 2010 WL 4386907, at *1 (D. Kan. Oct. 29, 2010) (recognizing that Rule 8(d) allows plaintiff to plead inconsistent claims but concluding—contrary to plaintiff's assertion—that his proposed amended complaint recognized no inconsistency between his FLSA and KMWMHL claims, and so, the court ordered plaintiff to "amend his complaint to reflect that he is asserting his KMWMHL claim only if defendant is not subject to FLSA regulation.").

[3]     Where, as here, the court exercises supplemental jurisdiction over a state law claim, the court applies the substantive law of Kansas and must reach the same decision that it predicts the state's highest court would reach. *See Lytle v. City of Haysville, Kan.*, 138 F.3d 857, 868 (10th Cir. 1998) ("When exercising jurisdiction over pendent state claims, we must apply the substantive law of the forum state and reach the same decision we believe the state's highest court would, just as we would if our jurisdiction rested on diversity of citizenship."); *see also Sherman v. Klenke*, 653 F. App'x 580, 593 (10th Cir. 2016) (explaining that, when exercising supplemental jurisdiction over a state law claim, the court must "defer to the most recent decisions of the state's highest court" and "treat[ ] opinions of a state's intermediate courts of appeals as highly persuasive, though not binding" (citation and internal quotation marks omitted)). The court applies this governing standard in its analysis here.

employer, "her KWPA claims for FLSA minimum wage and overtime violations are not plausible because they are legally impossible"); *Garcia*, 766 F. Supp. 2d at 1186 n.15 (Lungstrum, J.) (explaining that employers "who are covered by the FLSA are expressly exempted from Kansas' overtime statute [the KMWMHL]," so "permitting plaintiffs to recover overtime wages from [defendant] under the KWPA is incompatible with the exemption provision of the KMWMHL and would undermine the integrity of Kansas' wage and hour statutory scheme as a whole."). *See also Wheaton v. Hinz JJ, LLC*, No. 14-2223-RDR, 2014 WL 5311310, at *1–2 (D. Kan. Oct. 16, 2014) (dismissing plaintiff's KWPA claim for minimum wage violations under Rule 12(b)(6) because Kansas law allows a plaintiff to pursue minimum wage violations under the KMWMHL alone and that act expressly exempts FLSA-covered employers like defendant); *Spears v. Mid-America Waffles, Inc.*, No. 11-2273-CM, 2011 WL 6304126, at *4–5 (D. Kan. Dec. 16, 2011) (denying plaintiffs leave to amend their Complaint to assert a KWPA claim based on defendant's failure to pay minimum wages because such a claim was futile when the KMWMHL expressly exempts employers covered by the FLSA). *Cf. Brown v. Ford Storage & Moving Co.*, 224 P.3d 593, 599 (Kan. Ct. App. 2010) (holding that an employer, who was subject to FLSA regulation, was not an employer under the KMWMHL and had no duty to pay overtime wages under the KMWMHL).

Plaintiff asserts that these cases were wrongly decided. For support, plaintiff first relies on *Elkins v. Showcase, Inc.*, 704 P.2d 977 (Kan. 1985). *Elkins* affirmed a Kansas Department of Human Resources administrative hearing officer's decision that the defendant, a restaurant employer, had violated the FLSA by (1) diverting an excessive percentage of plaintiff's tips into a tip pool, and (2) making payments from the tip pool to non-tipped employees. *Id.* at 988. Based on this FLSA violation, the administrative hearing officer concluded that the restaurant

had violated the KWPA by failing to pay plaintiff "wages" due to him under the KWPA.  *Id.* at

981–82.  The Kansas Supreme Court affirmed the officer's ruling, approving his conclusion that

the FLSA violation "had to be considered in order to determine if there had been a violation of

the KWPA."  *Id.* at 984.

Our court already has concluded that *Elkins* and its theory that defendant wrongly had

diverted plaintiff's tips differs from a minimum wage claim asserted under the KWPA.  *See*

*Wheaton*, 2014 WL 5311310, at *2.  For the same reasons expressed there, the court also

concludes that *Elkins* differs from this case where plaintiff asserts a KWPA claim based on

unpaid overtime wages.  *Elkins* involved no allegations that the defendant restaurant had failed to

pay overtime wages.  Instead, the *Elkins* plaintiff asserted just that his employer had deducted his

wages improperly by diverting an excessive percentage of his tips into a tip pool.  While *Elkins*

held that the withheld tips were "wages" due and recoverable under the mechanism provided by

the KWPA, this same analysis does not apply to overtime compensation.  It does not apply

because the KMWMHL—not the KWPA—specifically applies to overtime.  So, the court

concludes, *Elkins* does not apply here.

Next, plaintiff relies on three cases where our court held that a plaintiff may assert

KWPA claims as an alternative claim to a FLSA action.  *See Rukavitsyn v. Sokolov Dental Labs.,*

*Inc.*, No. 12-2253-JAR, 2012 WL 3066578, at *4 (D. Kan. July 27, 2012); *Tarcha v. Rockhurst*

*Univ. Continuing Educ. Ctr., Inc.*, No. 11-2487-KHV, 2012 WL 1998782, at *4 (D. Kan. June 4,

2012); *Veale v. Sprint Corp.*, No. 95-2379-GTV, 1997 WL 49114, at *2–3 (D. Kan. Feb. 3,

1997).  The court does not find the reasoning of these cases persuasive for two reasons.

*First*, *Rukavitsyn* and *Tarcha* construed Judge Lungstrum's opinion in *Garcia* as one

holding that a plaintiff could rely on a FLSA violation to support a KWPA claim for unpaid

overtime compensation in certain circumstances. *Rukavitsyn*, 2012 WL 3066578, at \*2 (explaining that "courts in the District of Kansas have held that plaintiffs may rely on the FLSA—which requires employees to be paid at an overtime rate of 'one and one-half times [their] regular rate' of pay—to form the legal basis for KWPA claims (first quoting 29 U.S.C. § 207(a)(1); then citing *Garcia*, 766 F. Supp. 2d at 1187) (further citations omitted)); *Tarcha*, 2012 WL 1998782, at \*4 ("The Court finds that plaintiffs may rely on the FLSA as the legal basis for a KWPA claim." (citing *Garcia*, 766 F. Supp. 2d at 1187)). But *Garcia* did not involve allegations of unpaid overtime compensation. Instead, the *Garcia* plaintiffs alleged that defendants never paid them for time they spent at work donning, doffing, and walking. *Garcia*, 766 F. Supp. 2d at 1187. Judge Lungstrum held that the *Garcia* plaintiffs could assert KWPA claims based on these allegations "to recover *non-overtime wages* owed but not paid by [defendant]." *Id.* at 1186 (emphasis added).

In a footnote, Judge Lungstrum explained that plaintiffs—who had not opted to join the FLSA class—could not seek to recover overtime wages under the KWPA because "employers like [defendant] who are covered by the FLSA are expressly exempted from Kansas' overtime statute"—the KMWMHL. *Id.* at 1186 n.15. *Rukavitsyn* and *Tarcha* explain that this footnote merely analyzes whether the plaintiffs who had not opted to join the FLSA class could state viable claims under the KMWMHL. *Rukavitsyn*, 2012 WL 3066578, at \*3 n.35; *Tarcha*, 2012 WL 1998782, at \*3. Both cases reasoned that plaintiffs, who had not opted in to the FLSA, must rely on the KMWMHL as the "only potential legal basis for their overtime claims."[4] *Tarcha*, 2012 WL 1998782, at \*3; *Rukavitsyn*, 2012 WL 3066578, at \*3 n.35. But, because the

---

[4]     As defendants point out, plaintiffs who do not opt in to an FLSA action can assert their own, individual FLSA claim in a separate action. Doc. 11 (citing 29 U.S.C. § 216(b) (explaining that an employee can become a party plaintiff in a FLSA action only if he gives consent in writing and files that consent with the court)). Thus, the KMWMHL is not the only potential legal basis to assert overtime claims for a plaintiff who does not opt in to a FLSA action.

KMWMHL specifically exempted their employers, "those plaintiffs were left with no legal basis to establish the amount of wages due under the KWPA." *Tarcha*, 2012 WL 1998782, at *3. That same reasoning applies with equal force here. That is, the KMWMHL specifically exempts FLSA-covered employers from overtime claims, plaintiff has "no legal basis" to assert a KWPA claim against defendant. Instead, the FLSA provides the only legal basis for plaintiff's overtime claim.

*Second*, in *Veale*, the defendant argued that the KWPA did not provide plaintiff with a substantive cause of action to seek overtime wages. *Id.* at *2. The court noted that the KWPA requires employers to pay an employee's "earned wages" after an employee quits, resigns, or is discharged. *Id.* (citing Kan. Stat. Ann. § 44-315(a)). The court never addressed—and it doesn't appear that defendant ever argued—that the KMWMHL governed plaintiff's claim for overtime wages and precluded such a claim if the defendant was covered by the FLSA. *See generally id. Veale* thus differs from this case where defendant specifically argues that the KMWMHL exempts it from liability for plaintiff's overtime claim under the KWPA.

Also, to the extent these three cases conflict with more recent decisions from our court holding that a plaintiff cannot assert a KWPA claim for unpaid overtime wages against an employer covered by the FLSA, the court finds the reasoning used in the more recent cases persuasive. As described above, these cases have concluded that the plain language of the Kansas statutes prohibits overtime wage claims against FLSA-covered employers. *See*, *e.g.*, *Stockton*, 2016 WL 3973778, at *2 (Marten, J.) ("[T]he Kansas statute explicitly excepts FLSA-covered workers from its protection."); *Larson*, 2015 WL 1034334, at *3 (Marten, J.) ("Kansas has no substantive minimum wage or maximum hour law that covers FLSA employers—it relies on the FLSA."); *Garcia*, 766 F. Supp. 2d at 1186 n.15 (Lungstrum, J.) ("Employers . . . who are

covered by the FLSA are expressly exempted from Kansas' overtime statute").  If the Kansas legislature had intended to permit employees to pursue overtime wage claims under both the Kansas state law and the FLSA, then it never would have included an express exemption in the plain language of the KMWMHL excluding FLSA-covered employers.  *See Polson v. Farmers Ins. Co., Inc.*, 200 P.3d 1266, 1269–70 (Kan. 2009) ("[W]hen the language of a statute is plain and unambiguous, [courts] must give effect to that language rather than determine what the law should or should not be, speculate as to legislative intent, add something not readily found in the statute, resort to the canons of statutory construction, or consult legislative history.").  The court thus infers from the plain language of the statute that the Kansas legislature, when enacting the KMWMHL, intended to exclude FLSA-covered employees from state overtime wage laws.  The most likely reason for this exclusion is that the FLSA already provides a remedy for employees to recover unpaid overtime wages against FLSA-covered employers.  The Kansas legislature didn't need to create a second remedy under state law.

Also, one of these more recent cases determined that the FLSA preempts any state law claim that attempts to assert a cause of action for overtime claims because the federal statute expressly provides for such a claim.  *See, e.g.*, *Larson*, 2015 WL 1034334, at *3 (Marten, J.) ("Thus, to the extent that the KWPA could be interpreted as a mechanism for asserting FLSA-based claims for minimum or overtime wages, it would be preempted by §§ 206 and 207 of the FLSA.  That is [so] because any attempt to bring minimum wage or overtime claims against FLSA employers through the KWPA mechanism can only be an attempt to assert the remedies found in §§ 206 and 207 of the FLSA.").

The court finds the reasoning of these more recent cases sound and convincing.  And, it predicts that the Kansas Supreme Court—if presented with this issue—would reach the same

conclusion as these cases. The court thus follows the majority of cases our court has decided on this issue. And the court concludes that plaintiff's KWPA claim for overtime violations fails to state a plausible claim for relief because Kansas law precludes state statutory claims to recover overtime wages against FLSA-covered employers, like defendant. For this reason, the court grants defendant's Motion to Dismiss.

## IV.    Conclusion

For reasons explained above, the court grants defendant's motion and dismisses plaintiff's KWPA claim (Count II) from this action.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Genesis Health Clubs Management, Inc.'s Motion to Dismiss (Doc. 10) is granted.

**IT IS SO ORDERED.**

**Dated this 26th day of January, 2018, at Topeka, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**