## N THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **RONNIE MCGOWAN** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **BENJAMIN ALANIZ** | ) | |
| | ) | |
| **On behalf of himself** | ) | |
| **and all other persons similarly situated,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| vs. | ) | **Case No. 17-cv-2419** |
| | ) | |
| **GENESIS HEALTH CLUBS** | ) | |
| **MANAGEMENT, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### JOINT MOTION FOR APPROVAL OF FAIR LABOR STANDARDS ACT SETTLEMENT AND ATTORNEYS' FEES

Plaintiffs Ronnie McGowan and Benjamin Alaniz, on behalf of themselves and all other persons similarly situated, ("Plaintiffs") and Defendant Genesis Health Clubs Management, Inc. ("Defendant"), by and though their respective counsel, hereby move the Court for an Order approving their settlement of Plaintiffs' claims brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*  In support of their joint motion, the Parties submit that the settlement reached resolves a bona fide dispute regarding Plaintiffs' entitlement to claimed overtime wages, and that the terms of the settlement are fair and reasonable to all parties.  For the reasons set forth herein, the Parties request that the Court grant their Joint Motion for Approval of Fair Labor Standards Act Settlement and approve the Parties' Settlement Agreement (Exhibit 1 hereto).

I.      **Background**

Plaintiffs worked for Defendant as Fitness Advisors at various times during approximately 2015 until July 2017.  Defendant is a health club that operates numerous health clubs in Kansas and throughout the county.

On July 20, 2017, Plaintiff McGowan filed this action as a representative a putative collective action pursuant to Fair Labor Standards Act 29 U.S.C. 216(b), ("FLSA") and as representative of a putative Rule 23 class action pursuant to the Kansas Wage Payment Act ("KWPA"), K.S.A 44-312 *et seq*. alleging that he and similarly situated Fitness Advisor employees of Defendant worked at least fifty hours each week and Defendant failed to pay him and similarly situated Fitness Advisor employees overtime wages.  (Complaint, Doc. No. 1). Four additional Fitness Advisor employees filed their forms consenting to join the lawsuit. (Notice of Filing of Consent to Join, Doc. Nos. 3, 25).  On January 26, 2018, the Court granted Defendant's Motion to Dismiss the KWPA claims.  (Order, Doc. No. 16).   On April 5, 2018, Plaintiff McGowan filed an Amended Complaint to include Plaintiff Alaniz as a second representative plaintiff.  (Amended Complaint, Doc. No. 28).  Defendant denied the material allegations in the Complaint, including Plaintiffs' allegations that defendants willfully violated the FLSA.  (Answer, Doc. No. 29).

II.     **Early Discovery, Investigation by United States Department of Labor, and Settlement Negotiations.**

The Parties' exchanged their Initial Disclosures and written discovery. Among other things, Defendant produced the payroll records and clock-in and clock-out information of the Plaintiffs and those who have consented to join the lawsuit.

After this case was filed, United States Department of Labor, Wage and Hour Division, ("DOL") began investigating Defendant's payment practices related to the same putative collective action members, or "Fitness Advisors," named in this case. The DOL requested that Defendant conduct a self audit with the intent of reaching a settlement between the Defendant and the DOL. Such settlement would include all Fitness Advisors with the same claims and damages for a substantially similar time period as those who would potentially join this case if it were conditionally certified. The Parties engaged in multiple conversations, including conversations with representatives of the DOL, regarding the DOL investigation and settlement and its unique implications on this putative collective action case.

The Parties exchanged good faith settlement offers and reached an agreement on February 4, 2019. The terms of the settlement are set forth in the executed Settlement Agreement and Release, attached as Exhibit 1 hereto.

## III.  Legal Arguments and Authorities

### A.  Standard for Approving Settlement of Fair Labor Standards Act Claims

"When employees file suit against their employer to recover back wages under the FLSA, the parties must present any proposed settlement to the district court for review and a determination whether the settlement is fair and reasonable." *Valdez v. Southeast Kan. Indep. Living Res. Ctr., Inc.*, Case No. 10-1194-KHV/DJW, 2011 U.S. Dist. LEXIS 3346, at *1 (D. Kan. March 9, 2011) (citations omitted). "To approve an FLSA settlement, the Court must find that (1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties concerned and (3) the proposed settlement contains an award of reasonable attorney fees." *Valdez*, 2011 U.S. Dist. LEXIS 3346, at *4 (citations omitted). If a proposed settlement reflects a "reasonable compromise over issues such a s FLSA coverage or

computation of back wages that are actually in dispute, the Court may approve the settlement to promote the policy of encouraging settlement of litigation." *See id.* at *1, fn. 2 (citing *Lynn's Food Stores*, 679 F.2d at 1354).

### 1.    Bona Fide Dispute

Parties requesting court approval of an FLSA settlement must "provide the Court with sufficient information to determine whether a bona fide dispute exists." *Valdez*, 2011 U.S. Dist. LEXIS 3346, at *4 (citing *Dees v. Hydradry, Inc.*, 706 F.Supp.2d 1227, 1241 (M.D. Fla. 2010)). To do so, the parties should provide the court with the following information:

> (1) a description of the nature of the dispute (e.g. a disagreement over coverage, exemption or computation of hours worked or rate of pay); (2) a description of the employer's business and the type of work performed by the employees; (3) the employer's reasons for disputing the employees' right to a minimum wage or overtime; (4) the employees' justification for the disputed wages; and (5) if the parties dispute the computation of wages owed, each party's estimate of the number of hours worked and the applicable wage.

*Id.* (citing *McCaffrey*, 2011 U.S. Dist. LEXIS 1096, (2011 WL 32436 at *2)).

The Parties dispute that Plaintiffs were exempt and that Plaintiffs were paid overtime wages. Plaintiffs alleged that they and similarly situated non-exempt Fitness Advisors were required to work fifty or more hours per week and were paid a weekly salary without regard to overtime wages.

Defendant denied Plaintiffs' allegations and contends that from approximately June 1, 2016 to present, Fitness Advisors were paid $1,750 per month which included overtime compensation and prior to June 1, 2016, Defendant paid Fitness Advisors a monthly minimum compensation of $1,000 per month plus commissions and bonuses. Defendant further contends that its Fitness Advisor employees were exempt from the overtime requirements of the FLSA.

Using payroll and time keeping records produced by Defendants, Plaintiffs estimated that the overtime damages including liquidated damages for Plaintiffs and those who have consented to join the lawsuit total $10,050.58.

While the Parties' dispute whether Plaintiffs are exempt from the overtime requirements of the FLSA and the amount of work hours performed by Plaintiffs, the Parties recognize the risks associated with the lack of documents available for hours performed in certain instances and the required reliance on testimony of the parties. The Parties further recognize the unique implications of the Defendant and the DOL entering into a settlement agreement for Fitness Advisors employed by Defendant involving the same overtime claims and the substantially similar statutory time period. The Parties submit that based on the above, a bona fide dispute exists as to the amount of overtime actually worked by Plaintiffs and those who have consented to join the lawsuit and as to the total amount of back wages owed for any such overtime hours worked.

## 2.     Fair and Reasonable Settlement

"To be fair and reasonable, an FLSA settlement must be reasonable to the employee and must not frustrate the policies embodied in the FLSA." *Valdez,* 2011 U.S. Dist. LEXIS 3346, at *4. This Court has stated that the framework for "evaluating the fairness of a class action settlement is instructive" in evaluating whether an FLSA settlement is fair and reasonable. *Id.* at *7. The Tenth Circuit Court of Appeals has considered the following factors when deciding whether to approve a class action settlement under Fed. R. Civ. P. 23(d):

> (1) whether the parties fairly and honestly negotiated the settlement; (2) whether serious questions of law and fact exist which place the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted litigation; and (4) the judgment of the parties that the settlement is fair and reasonable. *Id.*

In addition, courts consider the additional factors when determining that a proposed settlement does "not undermine the purpose of the FLSA to protect employees' rights from employers who generally wield superior bargaining power," being the following:

> (1) the presence of other employees situated similarly to plaintiffs; (2) a likelihood that plaintiffs' circumstances will recur and (3) a history of FLSA non-compliance by defendant or others in defendant's industry.

*Id.* at *8.

Here, the Parties submit that the settlement is fair and reasonable resolution of a bona fide dispute between the Parties. First, the settlement was fairly and honestly negotiated with the Parties advocating their positions as to the amount of back wages owed. The settlement provides for Plaintiffs and those who have consented to join the lawsuit to receive the maximum possible recovery that they potentially could receive if successful at trial. Under the proposed settlement agreement, Plaintiffs and those who have consented to join the lawsuit would receive a total of $10,050.58 for payment of alleged back wages and liquidated damages. The specific payment amounts for the Plaintiffs and those who have consented to join the lawsuit is as follows:

| | |
|---|---|
| Alaniz: | $3,032.74 |
| McGowan: | $ 643.94 |
| Knox: | $4,430.12 |
| Waufle: | $ 862.18 |
| Mathews: | $1,081.60 |

Such payment amounts are the total amount of actual damages and liquidated damages owed to Plaintiffs and those who have consented to join the lawsuit based on calculations by Plaintiffs' Counsel.

Second, serious questions of law and fact create doubt as to the ultimate outcome of the litigation. The Parties would offer conflicting evidence in the form of witness testimony and

documents regarding the amount of hours allegedly worked by Plaintiffs and whether Plaintiffs were exempt from overtime.

Third, the uncertainty of protracted litigation weighs in favor of an immediate settlement. If this matter were to proceed, the Parties would be required to engage in depositions of the Plaintiffs and employees of Defendant and of Defendants' employees for the pre-conditional certification stage of the case and, if conditionally certified, additional discovery. The Parties would further incur additional expenses and resources in drafting and responding to motions for conditional certification and preparing for and conducting a jury trial. The Parties were required to analyze risks of litigation in light of the DOL investigation and settlement. Plaintiffs would likely recover back wages through the DOL settlement but would not receive liquidated damages and, for some, not receive damages for the entire three-year statutory time period. Given the risks involved in litigating a matter through a jury trial compared to the total amount of overtime damages claimed by Plaintiffs and in light of a DOL settlement, the uncertainty of litigation weighs in favor an immediate settlement. Fourth, the Parties' execution of the Settlement Agreement demonstrates that the Parties find the resolution to be fair and reasonable.

### 3.    Reasonable Attorneys Fees

The Parties' further request that the Court approve requested fees and expenses in the amount of $12,224.71. "The FLSA also requires that a settlement agreement include an award of 'a reasonable attorney's fee . . . and costs of the action.'" *Fulton v. TLC Lawn Care, Inc.*, No. 10-2645-KHV, 2012 U.S. Dist. LEXIS 68777, 2012 WL 1788140, at *12 (D. Kan. May 17, 2012) (citing 29 U.S.C. 216(b)). "Though the Court has discretion to determine the amount and reasonableness of the fee, the FLSA fee award is mandatory." *Id.* (citations omitted). "To determine whether the negotiated amount of attorney fees is reasonable, the Court must examine

whether plaintiffs' counsel are adequately compensated and ensure that a conflict of interest does not taint the amount plaintiffs receive under the agreement." *Valdez v. Southeast Kan. Indep. Living Res. Ctr., Inc.*, Case No. 10-1194-KHV/DJW, 2011 U.S. Dist. LEXIS 3346, at *8 (D. Kan. March 9, 2011) (citations omitted).

The settlement provides that Plaintiff's counsel receive $12,224.71 in attorneys' fees and expenses. That amount is significantly less than the lodestar and costs incurred by Plaintiffs' counsel to date. Specifically, as of February 14, 2019, Plaintiff's counsel's accrued lodestar is in the amount of $28,068.50 and expenses in the amount of $500.00. If the Court deems it necessary, Plaintiff's counsel will provide supporting documents regarding these amounts.

In light of the results achieved for their clients, where Plaintiffs and those who have consented to join the lawsuit are receiving the maximum total amount of potential recovery if they would prevail at trial, Plaintiff's Counsel should be awarded the requested fees and costs. As the Supreme Court has explained, "A request for attorney's fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (discussing fee awards in the context of a fee-shifting statute).

## IV.    CONCLUSION

The Parties submit that the proposed settlement agreement is fair and reasonable and should be approved. The instant lawsuit involves a bona dispute regarding the amount of overtime hours worked by Plaintiffs and those who have consented to join the lawsuit and whether they were exempt from overtime damages. The settlement is fair and equitable to Plaintiffs and who have consented to join the lawsuit and Defendant, and the settlement contains an award of reasonable attorney fees. The proposed settlement reflects a reasonable compromise

regarding the computation of back wages, and the Court should approve the settlement.  For these reasons, the Parties respectfully request that the Court grant their Joint Motion for Approval of Fair Labor Standards Act Settlement and enter an Order approving the Parties' Settlement Agreement and finding the Agreement is a fair, equitable and reasonable resolution of the disputed claims and dismissing the action with prejudice, with each party to bear their own costs and attorneys' fees incurred in this action.

Respectfully submitted,

**BRADY & ASSOCIATES**

By:      *s/Sara T. Ballew*
Sara T. Ballew, KS #25787
Mark A. Kistler, KS #17171
10985 Cody Street, Suite 135
Overland Park, KS 66210
(913) 696-0925
(913) 696-0468 *(Facsimile)*
sballew@mbradylaw.com
mkistler@mbradylaw.com
**ATTORNEYS FOR PLAINTIFF**

And

**POLSINELLI PC**

*s/James C. Sullivan*
James C. Sullivan
Brendan L. McPherson
Robert J. Hingula
900 W. 48th Place, Suite 900
Kansas City, MO  64112-1895
816-753-1000
816-753-1536 *(Facsimile)*
jsullivan@polsinelli.com
bmcpherson@polsinelli.com
rhingula@polsinelli.com
**ATTORNEYS FOR DEFENDANT**